UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| DAVID R. JACKSON | * | CIVIL ACTION NO. 17-0286 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| KEITH BLACKMAN, ET AL. | * | |

**MEMORANDUM RULING**

On March 27, 2018, the court permitted plaintiff's attorney to withdraw from the above-captioned matter. (March 27, 2018, Order [doc. # 27]). The court simultaneously ordered plaintiff to enroll new counsel, or to notify the court in writing of his intent to proceed pro se, within 30 days of the date of that order. [doc. #27].

After the foregoing deadline lapsed without any response from plaintiff, the court ordered plaintiff to show cause, in writing, on or before **May 10, 2018**, why his complaint should not be dismissed with prejudice for failure to comply with an order(s) of this court. Fed.R.Civ.P. 41(b). (May 1, 2018, Order [doc. # 32]). The court cautioned plaintiff that his continued failure to respond to court orders would serve as his tacit acknowledgment that he no longer wished to pursue his case. *Id*.

The latest deadline has since passed, without any response from the plaintiff.

**Law and Analysis**

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this

rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of court orders reflects his own contumaciouness or "stubborn resistance to authority"[1] which is

---

[1] *See Millan, supra*.

personally attributable to him as a litigant unrepresented by counsel.²

Accordingly, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed the orders of the court. Fed.R.Civ.P. 41.

In Chambers, at Monroe, Louisiana, this 15th day of May 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

² While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).